UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| Douglas Harry Warenback, | Case No. 2:22-cv-01342-JAD-DJA |
|---|---|
| Plaintiff, | |
| v. | **Order** |
| 8th Judicial Court, Clark County, Nevada; David B. Barker, Judicial Officer, retired, | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1), an amended complaint (ECF No. 4), a second amended complaint (ECF No. 5), and a third amended complaint (ECF No. 6). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint attempts to sue immune defendants, it dismisses Plaintiff's complaint with leave to amend.

**I.    *In Forma Pauperis* Application**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### A. The Court dismisses Plaintiff's complaint with leave to amend.

As a preliminary matter, the Court need not screen any of Plaintiff's amended complaints. (ECF Nos. 4, 5, 6). This is because Plaintiff was neither authorized to amend his complaint under Federal Rule of Civil Procedure 15(a)(1)(A)—which allows for amendment twenty-one days after a party *serves* a pleading—nor Local Rule 15-1—which requires an amended pleading to be attached to a motion to amend. Plaintiff has not yet served his complaint and did not move to amend it. The Court will thus strike Plaintiff's amended complaints under Federal Rule of Civil Procedure 12(f)(1) as immaterial. (ECF Nos. 4, 5, 6).

Plaintiff sues the Eighth Judicial District Court and the Honorable Judge David B. Barker (ret.). (ECF No. 1-1). The crux of his complaint is that the statute under which he was convicted was "incomplete" because of a typographical error by the state court. (ECF No. 1-1 at 7, 20-21). Because it was incomplete, Plaintiff asserts that it could not have formed the grounds for requiring him to register as a sex offender. (*Id.* at 5-10). Plaintiff thus asks the Court to remove the requirement for him to register as a sex offender. (*Id.*). But Plaintiff's complaint attempts to sue immune defendants. Judges and courts have absolute civil immunity for their judicial acts unless there is a "clear absence" of subject-matter jurisdiction. *Estes v. Gatson*, No. 2:12-cv-01853-JCM 2012 WL 6645609, at *3 (D. Nev. Nov. 26, 2012) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-58 (1978)).

Plaintiff's claims fail because the Eighth Judicial District Court and the Honorable Judge David B. Barker (ret.) are immune from the claims Plaintiff alleges. Plaintiff's complaint lacks any facts describing what Defendants did. Presumably, the only reason he names the Eighth Judicial District Court and the Honorable Judge David B. Barker (ret.) is because they adjudicated his criminal matter. Because Plaintiff has only alleged that the Eighth Judicial District Court and the Honorable Judge David B. Barker (ret.) have taken judicial actions, these Defendants are immune.

**ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **December 28, 2022** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that Plaintiff's amended complaints (ECF Nos. 4, 5, 6) are **stricken.**  The Clerk of Court is kindly directed to strike these filings from the docket.

DATED: November 28, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE