UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Douglas Harry Warenback,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Aaron Ford, Attorney General for the State of Nevada,<br><br>　　　　　Defendant. | Case No. 2:22-cv-01342-JAD-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. After the Court screened and dismissed his complaint without prejudice, it gave Plaintiff leave to amend. Plaintiff timely amended his complaint. (ECF No. 9). Because the Court finds that Plaintiff's complaint attempts to sue an immune defendant, it dismisses Plaintiff's complaint and gives him leave to amend.

**I.	Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d

1 | 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of
2 | the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*
3 | *Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual
4 | allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the
5 | elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.*
6 | *Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations
7 | contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,
8 | 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory
9 | allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not
10 | crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550
11 | U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal
12 | pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding
13 | that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

    ***A.***    ***The Court dismisses Plaintiff's complaint with leave to amend.***

Plaintiff sues Attorney General Aaron Ford.  (ECF No. 9).  Plaintiff alleges that AG Ford defended the requirement that Plaintiff register as a sex offender despite Plaintiff pleading to a fictitious charge.  (*Id.* at 2).  Plaintiff also alleges that AG Ford is liable for enforcing and

defending the state law requiring Plaintiff to register as a sex offender, which Plaintiff claims is unconstitutional. (*Id.*). AG Ford is the only named defendant. (*Id.* at 1).

Plaintiff attempts to sue an immune defendant. "[T]he attorney general and attorneys in the attorney general's office are absolutely immune 'for conduct during performance of official duties.'" *Hunter v. Harris*, 667 Fed.Appx. 269 (9th Cir. June 23, 2016) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001)). Plaintiff's complaint describes AG Ford performing his official duties. AG Ford is thus immune from Plaintiff's allegations.

### ORDER

**IT IS THEREFORE ORDERED** that the amended complaint (ECF No. 9) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **April 24, 2023** to file a second amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: March 24, 2023

---
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE